ROBERT S. HALL, RESPONDENT, *v.* JOHN M. STONE, APPELLANT.

*Mutual accounts — statute of limitations — an assignment of a balance of account to a third person closes a mutual account formerly existing between parties.*

A running business account had existed between two persons named Hall and Stone. In February, 1879, Hall stated a balance against Stone, and in the same month made an assignment and transferred this balance to his assignee; and resumed business after an interval of some months.

Subsequently the assignee reassigned the said balance of this account to his assignor. In 1884 Stone made a small purchase of Hall.

*Held,* that by said assignment made by Hall to his assignee the mutual account which had existed between Hall and Stone was closed, and that the statute of limitations began to run against said balance of account from the date of its last item.

That the purchase by Stone in 1884 did not revive the former condition of mutual accounts between himself and Stone, or take the said balance of account out of the statute of limitations.

APPEAL by the defendant, John M. Stone, from a judgment of the Warren County Court, entered in the clerk's office of Warren county on the 22d day of July, 1889, in favor of plaintiff, which affirmed a judgment of a justice of the peace in favor of the plaintiff.

*Coyle & Cunningham,* for the appellant.

*S. H. Bevins,* for the respondent.

LEARNED, P. J.:

This action was commenced in Justice's Court January, 1889, to recover twenty-five dollars for goods sold in a country store. The defendant pleaded payment, statute of limitations and counter-claim for services of about the same amount. Plaintiff's demand consisted of about forty items, defendant's of six.

The case was tried before a jury which rendered a verdict for plaintiff of seventeen dollars and fifty-five cents. The defendant appealed to the County Court and that court affirmed the judgment. The defendant now appeals to this court. The plaintiff's items begin June 29, 1876, and end December 24, 1878, except as men-tioned hereafter. In February, 1879, the plaintiff made a balance of the account against defendant by crediting to defendant certain cash and charges therein, which balance was seventeen dollars and fifty-nine cents, and in that month he made an assignment and turned over the balance to the assignee. He did no business till June 1, 1879. And at some time, exactly when does not appear, the account, as he testifies, was assigned back to him. Since that time the only charge for goods sold on his books is on March 8, 1884, for a ham, two dollars and eighty-four cents. There is what is called a charge for eight years' box rent four dollars, which amount was specifically paid. This is not an article sold by defendant, but appears to be for use of post-office box. The plaintiff claims by the charge for the ham to save the effect of the statute of limitations. By the assign-ment from the plaintiff in February, 1879, the mutual accounts between plaintiff and defendant (if such accounts ever existed) were closed. The balance, whatever it was, became the property of the assignee. In the view most favorable to plaintiff the statute of limitations began to run from December 24, 1878, the date of the last item in his account, and the right of action was barred in December, 1884.

It was held in *Green* v. *Ames* (14 N. Y., 225), that where there is a mutual, open and current account between parties, and one of them purchases from a third person and holds an open account against the other without notice to or recognition of its validity by the latter, it does not become a part of the mutual account between them within the statute of limitations; that the demand so purchased is barred in six years from the time it accrued to the assignor, though there existed a mutual account between the assignee and the other party.

Now, to apply that case to the present. Let us assume (which is not shown) that from June, 1879, down to March 8, 1884, there was a mutual account between these parties. In fact the only account is the ham sold by plaintiff that last mentioned day, and the defendant's charges for horse hire. The plaintiff buys from some person whose name is not given, called plaintiff's assignee, this balance of account of seventeen dollars and fifty cents against the defendant. Such balance, we have already seen, would be barred at least six years from February, 1879, if not from December 24, 1878. Now, the plaintiff cannot by this purchase make that demand a part of his mutual accounts between himself and defendant, as is said in the case last cited. This must be true, although the account so purchased by the plaintiff had once belonged to him. For by his assignment to his assignee it had ceased to be a part of the running and mutual accounts between him and defendant. It became the property of another person. The defendant did not continue to deal with the plaintiff with reference to a running account which no longer belonged to plaintiff. If, therefore, another running account arose between the parties the plaintiff could not by purchasing this old demand make it a part of such running account. Of course, still less could he by such purchase save the running of the statute, if there really existed, subsequently, no mutual account.

We may suppose that when the plaintiff assigned the balance alleged to be owing from defendant, defendant knew of this or was notified of it. He knew then that there could no longer be dealings between him and plaintiff on the basis of, and with reference to mutual accounts.

The learned county judge distinguished this case from the one cited on the ground that the assignment spoken of by plaintiff

did not divest this title, but that the demand assigned was only security for his creditors. We do not see that the case shows what was the nature of the assignment of this account. But if it was an assignment for the benefit of creditors, still it transferred the title to the assignee and closed the mutual accounts between plaintiff and defendant. And there is no evidence that after the demand was reassigned to plaintiff there was any recognition of it by the defendant, or any agreement between him and the plaintiff that it should be an item in the alleged running account.

The plaintiff urges that even if the claim assigned by the plaintiff is barred, still there must be an affirmance for the sum of two dollars and eighty-four cents, the price of the ham. But the recovery was for seventeen dollars and fifty-five cents, while the amount of the balance assigned was seventeen dollars fifty-nine cents. Evidently, therefore, there was no recovery for the ham. There are several other questions raised in this case which we deem it unnecessary to discuss.

The judgments of the County Court and justice of the peace must be reversed, with costs.

LANDON and MAYHAM, JJ., concurred.

Judgment of County Court and of justice of the peace reversed.